UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE   FILED BY /J.T. D.C.
MEMPHIS DIVISION

05 AUG 30 AM 11: 36

UNITED STATES OF AMERICA

-v-                                  2:05CR20288-01-D

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

SHERRIE-LEE DOREEN CAVE

**Richard M. Steingard, Retained**
**Defense Attorney**
**800 Wilshire Boulevard, Suite 1510**
**Los Angeles, CA 90012**

### JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant pleaded guilty to Count 1 of the Misdemeanor Information on August 09, 2005. Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 26 U.S.C. § 7203 | Willful Failure to File Return, Supply Information | 05/08/2002 | 1 |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984 and the Mandatory Victims Restitution Act of 1996

Case Number 2:02CR20165-06-D is dismissed on the motion of the United States.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.   N/A (Canadian Citizen)
Defendant's Date of Birth:  11/27/1964
Deft's U.S. Marshal No.:    25199-112

Defendant's Mailing Address:
1382 Oakridge Court
Thousand Oaks, CA 91362

Date of Imposition of Sentence:
August 09, 2005

BERNICE B. DONALD
UNITED STATES DISTRICT JUDGE

August 29, 2005

This document entered on the docket sheet in compliance with Rule 55 and/or 32(b) FRCrP on 8/30/05

Case No: 2:05CR20288-01-D   Defendant Name: Sherrie-Lee Doreen CAVE                    Page 2 of 3

## PROBATION

The defendant is hereby placed on probation for a term of **12 Months**.

While on probation, the defendant shall not commit another federal, state, or local crime and shall not illegally possess a firearm, ammunition, destructive device, or dangerous weapons. The defendant shall also comply with the standard conditions that have been adopted by this court (set forth below). If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such file or restitution.

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer.

The defendant shall comply with the following standard conditions that have been adopted by this court.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthful all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

5. The defendant shall notify the probation officer **ten(10) days prior** to any change in residence or employment;

6. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

7. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

8. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

9. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

10. The defendant shall notify the probation officer within **72 hours** of being arrested or questioned by a law enforcement officer;

Case No: 2:05CR20288-01-D   Defendant Name: Sherrie-Lee Doreen CAVE                Page 3 of 3

11. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

12. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

13. If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## ADDITIONAL CONDITIONS OF PROBATION

The defendant shall also comply with the following additional conditions of probation:

1. Imposed term of Probation shall be supervised in the Central District of California;
2. The defendant shall notify Probation Officer of each time of planned travel;
3. The defendant shall pay $50,000.00 Civil Forfeiture into the U.S. Marshal Seized Asset Fund.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments. The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options in the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $25.00 | | |

The Special Assessment shall be due immediately.

### FINE
No fine imposed.

### RESTITUTION
No Restitution was ordered.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 8 in case 2:05-CR-20288 was distributed by fax, mail, or direct printing on September 8, 2005 to the parties listed.

---

Vivian R. Donelson
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Richard M. Steingard
LAW OFFICE OF RICHARD M. STEINGARD
800 Wilshire Blvd.
Ste. 1510
Los Angeles, CA 90017

Honorable Bernice Donald
US DISTRICT COURT